UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARTIN GERARDO QUIROZ, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § | NO. EP-20-CV-00130-LS |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | | |
| Defendant. | | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Martin Gerardo Quiroz retired from the El Paso County Juvenile Probation Department on August 28, 2017[1] after 26 years of service.[2] He claims that he became disabled on the day of his retirement,[3] and now appeals the denial of his application for disability insurance benefits. The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Quiroz's application.

**I.      Facts and Proceedings**

Quiroz alleges he became disabled on August 28, 2017[4] because of back, shoulder, hand, and hernia problems.[5] An Administrative Law Judge ("ALJ") held a hearing on May 22, 2019 and heard testimony from Quiroz, who was represented by counsel, and a vocational expert ("VE").[6] In an opinion dated July 8, 2019, the ALJ determined that Quiroz was not disabled

---

[1] R:133.
[2] R:136.
[3] R:168.
[4] *Id.*
[5] R:138-140.
[6] R:127-66.

within the meaning of the Social Security Act.[7] The Appeals Council denied his request for review on March 27, 2020, making the decision of the ALJ the final decision of the Commissioner.[8] Quiroz argues in this appeal that the ALJ insufficiently considered Quiroz's mobility problems and cane use, and that the VE's testimony regarding jobs Quiroz can still do was flawed because of mistakes about the amount of driving required.

## II.     Discussion

### A.     Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standards.[9] Substantial evidence "is more than a mere scintilla, and less than a preponderance."[10] The Commissioner's findings will be upheld if supported by substantial evidence.[11] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[12]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining

---

[7] R:28-37.
[8] R:1-4.
[9] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[10] *Hill v. Berryhill*, 718 F. App'x 250, 254 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[11] *Masterson*, 309 F.3d at 272.
[12] 20 C.F.R. § 404.1520; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[13] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[14] The Commissioner, not the courts, must resolve conflicts in the evidence.[15]

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[16] The responsibility to determine a claimant's RFC belongs to the ALJ.[17] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[18] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[19] An RFC finding is used to determine if the claimant can still do his past jobs.[20] If he cannot, the RFC is then used to determine whether he can do other jobs in the national economy.[21]

### C. The ALJ's Findings

In this case, the ALJ found that Quiroz's severe impairments were "lumbar spine sprain/strain, cervical spine sprain/strain, bilateral shoulder sprain/strain, hernia, status post hand surgeries and obesity."[22] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[23] The ALJ found that

---

[13] *Perez*, 415 F.3d at 462.
[14] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[15] *Id*.
[16] 20 C.F.R. § 404.1545(a)(1).
[17] *Id*. at § 404.1546(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[18] *Perez*, 415 F.3d at 461-62.
[19] *See* 20 C.F.R. §§ 404.1529(d)(4), 404.1545(a)(2).
[20] *Perez*, 415 F.3d at 462; 20 C.F.R. § 404.1520(e).
[21] *Id*.
[22] R:30.
[23] R:32-33.

Quiroz could still perform "light work,"[24] with certain limitations. The ALJ determined that even with these limitations Quiroz can still work as a Probation/Parole officer as that job is generally performed.[25] Accordingly, the ALJ found Quiroz not disabled and not entitled to disability insurance benefits.[26]

### D. RFC error based on cane use and back problems.

Quiroz argues that he is fully disabled because he cannot lift more than ten pounds, walk without a cane, or "stoop, kneel, crouch or crawl."[27] He also argues that the ALJ erroneously disregarded his chronic back condition and his prescribed need for a cane or walker.[28] The record does not support these arguments.

The ALJ did indeed review Quiroz's 2018 worker's compensation and chiropractic records reflecting spinal and shoulder problems.[29] However, he also reviewed records reflecting that Quiroz had 5/5 muscle strength during January 2018[30] and April 2019[31] physical exams, and had no back pain or neurological problems whatsoever during a June 2018 exam.[32] The ALJ also cited other physical examination records with completely normal musculoskeletal and neurological findings, and normal gait findings, in June 2018,[33] January 2019,[34] and March 2019[35] (only two

---

[24] R:33-36. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).
[25] R:36-37.
[26] R:37.
[27] ECF No. 17, at 2.
[28] *Id*. at 3.
[29] R:34, citing R:678, R:742, and R:781.
[30] R:738-39, 741.
[31] R:874.
[32] R:749.
[33] R:755.
[34] R:826.
[35] R:775-76.

months before Quiroz's ALJ hearing). The ALJ noted that Quiroz's cane prescription is dated April 25, 2019,[36] one month before his ALJ hearing. However, an orthopedic surgeon's examination record dated April 22, 2019,[37] just three days before the cane prescription date, and another such record dated two weeks later on May 7, 2019,[38] reflect that "[Quiroz] has normal gait," seemingly belying any need for a cane.

The ALJ undertook a comprehensive review of Quiroz's entire medical record and found that he had the RFC to do "light work" with some limitations.[39] Substantial evidence supports this conclusion and I find no RFC error.

**E. Step 5 Error.**

Quiroz argues that the ALJ erred at Step 5 when he found that Quiroz could still work as a Parole/Probation Officer. Quiroz asserts that his back and mobility problems prevent him from doing the amount of driving needed for these jobs. Even if such back problems and need for a cane were supported in the record, the VE testified that not all Probation/Parole officer jobs require the amount of driving Quiroz claims he did before he retired,[40] a contention Quiroz did not challenge during the hearing. I find no Step 5 error.

## Conclusion

The ALJ properly considered all the medical evidence in this case, substantial evidence supports his decision, and there is no legal error.

**AFFIRMED**.

---

[36] R:914.
[37] R:986.
[38] R:983.
[39] R:33.
[40] R:161.

**SIGNED** and **ENTERED** June 4, 2021.

                                              **LEON SCHYDLOWER**
                                              **UNITED STATES MAGISTRATE JUDGE**